UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA,

    - against -

REN FEI LIAN,

              Defendant.

------------------------------------------X

04 Cr. 271-10 (RWS)

SENTENCING OPINION

**Sweet, D.J.,**

        On August 21, 2006, defendant Ren Fei Lian ("Lian") pled guilty to one count of possession with intent to distribute MDMA (commonly referred to as "Ecstasy") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and one count of conspiring in violation of 21 U.S.C. § 846 to distribute and possess with intent to distribute MDMA in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Both counts are Class C felonies. For the reasons set forth below, Lian will be sentenced to a term of imprisonment of time served and a three-year term of supervised release. Lian will also be required to pay a mandatory special assessment of $200.

**Prior Proceedings**

        On March 23, 2004, a seven-count superseding indictment was filed alleging that Lian and other co-defendants engaged in

various offenses relating to the distribution of Ecstasy. Lian was arrested on March 29, 2004, and has been incarcerated since that date. On July 6, 2004, a second superseding indictment was filed with respect to Lian and the other co-defendants.

On August 21, 2006, Lian appeared before the Honorable Gabriel Gorenstein of this district and pled guilty to the offenses charged in the sixth and seventh counts of the second superseding indictment in accordance with a plea agreement entered into with the Government. Lian's guilty plea was accepted by this Court on November 9, 2006, and he is scheduled to be sentenced on April 23, 2007.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

2

   (2)  the need for the sentence imposed --

        (A)  to reflect the seriousness of the offense, to
             promote respect for the law, and to provide
             just punishment for the offense;

        (B)  to afford adequate deterrence to criminal
             conduct;

        (C)  to protect the public from further crimes of
             the defendant; and

        (D)  to provide the defendant with needed educa-
             tional or vocational training, medical care,
             or other correctional treatment in the most
             effective manner;

   (3)  the kinds of sentences available;

   (4)  the kinds of sentence and the sentencing range
        established for --

        (A)  the applicable category of offense committed
             by the applicable category of defendant as
             set forth in the guidelines ...;

   (5)  any pertinent policy statement ... [issued by the
        Sentencing Commission];

   (6)  the need to avoid unwarranted sentence disparities
        among defendants with similar records who have
        been found guilty of similar conduct; and

   (7)  the need to provide restitution to any victims of
        the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 111.

3

**The Defendant**

The following description draws on the Pre-Sentence Investigation Report prepared by the Probation Office of the United States District Court for the Southern District of New York on January 9, 2007 ("the PSI"). Additional facts regarding Lian's history and characteristics are adopted as set forth in that report.

Ren Fei Lian was born in rural China in 1967, where he was raised in relatively poor financial conditions. Lian stopped attending school at the age of sixteen due to financial concerns.

Lian came to the United States in approximately 1993, at which time he took up residence in South Carolina. Prior to his incarceration, Lian worked at various Chinese restaurants.

Lian was married in New York in 1998. He has two children from this marriage. Since his incarceration, his children have been living with Lian's sister in China because Lian's wife does not have the financial resources necessary to care for them on her own. Lian's wife works as a "busboy" at a restaurant in South Carolina, where she returned to live after Lian became incarcerated.

4

**The Offense Conduct**

The following description draws on the PSI.  The specific facts of the underlying conduct are adopted as set forth in that report.

Between June 2003 and March 2004, Lian participated in a loosely knit Ecstasy distribution ring operating in Manhattan. On March 29, 2004, Lian arranged to sell approximately 4,000 pills and was found in possession of a large number of pills marked in a manner consistent with Ecstasy pills.

**The Relevant Statutory Provisions**

The maximum term of imprisonment is twenty years for each of the counts of possession and conspiracy, pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 846.  In addition, a term of at least three years' supervised release is required on each count if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 846.  However, because Lian meets the criteria set forth in 18 U.S.C. § 3553(f), a term of not more than three years' supervised release is required on each count if a sentence of imprisonment is imposed, pursuant to 18 U.S.C. § 3583(b)(2). Such terms of supervised release run concurrently, pursuant to 18 U.S.C. § 3624(e).

5

Lian is eligible for not less than one nor more than five years' probation on each count, pursuant to 18 U.S.C. § 3561(c)(1). Because the offense is a felony, pursuant to 18 U.S.C. § 3563(a)(2), one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, all offenders on probation, parole or supervised release for offenses committed after September 13, 1994, are required to submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The maximum fine is $1,000,000 on each count, for a total maximum fine of $2,000,000, pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 846. A special assessment in the amount of $100 per count, for a total of $200, is mandatory, pursuant to 18 U.S.C. § 3013.

Pursuant to 21 U.S.C. § 862(a)(1)(A), upon a first conviction for distribution of a controlled substance, a defen-

6

dant may be declared ineligible for any or all Federal benefits for up to five years as determined by the court.

**The Guidelines**

The November 1, 2006, edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11(a).

Pursuant to the grouping rules contained in U.S.S.G. § 3D1.2, the two counts can be grouped together because the offense level is determined largely on the total amount of drugs distributed.  Therefore, pursuant to U.S.S.G. § 3D1.2(d), the two counts are grouped together herein for the purpose of calculating the Guidelines sentencing range.

The Guideline for violations of 21 U.S.C. § 841(b)(1)(C) is found in U.S.S.G. § 2D1.1.  Pursuant to application note 10 of U.S.S.G. § 2D1.1, in order to establish the appropriate offense level, the quantity of Ecstasy involved in this offense must be converted into its marijuana equivalent. Based on the PSI, Lian is responsible for conspiring to distribute and possess with the intent to distribute approximately 4,000 Ecstasy pills, the marijuana equivalent of which is 500 kilo-

grams.[1]  Therefore, according to U.S.S.G. § 2D1.1(a)(3) and (c)(6), this amount of Ecstasy results in a base offense level of 28.

Based on his plea allocution, Lian meets the conditions set forth in U.S.S.G. § 5C1.2(a)(1)-(5), including: (1) that the defendant have no more than one Criminal History point; (2) that the defendant not be a leader, organizer, manager or supervisor of others in the offense; (3) that the defendant not possess a firearm in connection with the offense; (4) that the offense not result in death or serious bodily injury to an individual; and (5) that, by the time of sentencing, the defendant truthfully has provided the Government all information and evidence the defendant has concerning the offense or offenses.  Therefore, Lian is eligible for a two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(9).

Based on his plea allocution, Lian has also shown recognition of responsibility for the offense.  Pursuant to U.S.S.G. § 3E1.1(a), the offense is therefore reduced two levels. Further, because Lian's timely notification of his intention to plead guilty has allowed the Government to allocate its resources more efficiently, and because the offense level is 16 or greater,

---

[1] Based on the Drug Quantity Table, one gram of Ecstasy is the equivalent of 500 grams of marijuana.  The typical weight of an Ecstasy pill is 250 mgs.

8

the offense level is reduced one additional level, pursuant to U.S.S.G. § 3E1.1(b).

The defendant's resulting adjusted offense level is 23.

Lian has no known criminal convictions. Thus, Lian has a Criminal History Category of I.

Based on a total offense level of 23 and a Criminal History Category of I, the Guidelines range for imprisonment is 46 to 57 months.

Because Lian has met the conditions set forth in U.S.S.G. § 5C1.2(a)(1)-(5), the Guidelines range for a term of supervised release is two to three years, pursuant to U.S.S.G. § 5D1.2(a)(2).

Because the applicable Guidelines range is in Zone D of the Sentencing Table, Lian is not eligible for probation, pursuant to U.S.S.G. §§ 5B1.1, application note 2.

The Guidelines fine range for the instant offense is from $10,000 to $2,000,000, pursuant to U.S.S.G. § 5E1.2(c)(3)(A) and (c)(4). Subject to the defendant's ability to pay, in imposing a fine pursuant to U.S.S.G. § 5E1.2(d)(7), the Court shall consider the expected costs to the Government of any

imprisonment, probation, or supervised release. The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,952.66 to be used for imprisonment, a monthly cost of $287.50 for supervision, and a monthly cost of $1,736.98 for community confinement.

Pursuant to U.S.S.G. § 5F1.6, the Court may deny eligibility for certain Federal benefits of any individual convicted of distribution or possession of a controlled substance.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In particular, § 3553(a)(1) asks that the sentence imposed consider both "the nature and circumstances of the offense and the history and characteristics of the defendant," while § 3553(a)(2)(A) demands that the penalty "provide just punishment for the offense" that simultaneously "afford[s] adequate deterrence to criminal conduct" as required by § 3553(a)(2)(B). Furthermore, pursuant to § 3553(a)(6), the Court is also mindful of "the need

10

to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Having considered all the factors set forth in § 3553(a), it is determined that a sentence below the applicable Guidelines range is warranted in the instant case. In particular, considering the history and characteristics of the defendant pursuant to § 3553(a)(1) and the need for the sentence to provide adequate general and specific deterrence pursuant to § 3553(a)(2)(B), a below-Guidelines sentence would be appropriate. Lian has no prior criminal convictions and has not been incarcerated prior to the instant offense. See, e.g., United States v. Bidon, No. 05 Cr. 1285-01 (RWS), 2006 WL 3025876, at *5 (S.D.N.Y. Oct. 24, 2006); United States v. Harding, No. 05 Cr. 1285-02 (RWS), 2006 WL 2850261, at *5 (S.D.N.Y. Sept. 28, 2006); United States v. Hernandez, No. 03 Cr. 1257-03 (RWS), 2006 WL 870933, at *4 (S.D.N.Y. Apr. 5, 2006); United States v. Arreaga, No. S303 Cr. 1121-02 (RWS), 2006 WL 278156, at *7 (S.D.N.Y. Feb. 2, 2006).

**The Sentence**

For the instant offense, Lian is hereby sentenced to a term of imprisonment of time served and a three-year term of supervised release.

Lian has been detained without bail since his arrest and therefore is not a candidate for voluntary surrender pursuant to 18 U.S.C. § 3143(a)(2). Lian is directed to report to the nearest Probation Office within seventy-two hours of release from custody. It is recommended that the defendant be supervised by the district of his residence.

As mandatory conditions of his supervised release, Lian shall: (1) not commit another federal, state or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended due to the imposition of a special condition requiring drug treatment and testing.

The standard conditions of supervision (1-13) shall be imposed, along with the following special conditions:

> (1) Lian will participate in a program approved by the United States Probation Office, which program may include testing to determine whether he has reverted to using drugs or alcohol. The Court authorizes the

12

release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. Lian shall be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of third-party payment.

(2) Lian shall obey the immigration laws and comply with the directives of immigration authorities.

(3) Lian shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. Lian shall inform any other residents that the premises may be subject to search pursuant to this condition.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the defendant is able to pay a fine, and the fine in this case shall therefore be waived. A special assessment of $200, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing set for April 23, 2007.

It is so ordered.

New York, NY
April  2 0 , 2007

ROBERT W. SWEET
U.S.D.J.